**UNITED STATES PROBATION
AND PRETRIAL SERVICE**

# MEMORANDUM

**DATE:** October 14, 2025

**TO:** **Honorable John L. Sinatra, Jr.**
U.S. District Judge

**FROM:** **Lisa B. Ferraro**
U.S. Probation Officer Specialist

**SUBJECT:** **Proposed Standard Conditions
U.S. v. Alberto Fernandez (1:21CR00167-007)**

In light of the new rule of criminal procedure set forth in *United States. v. Maiorana*, No. 22-1115- cr, 2025 WL 2471027 (2d Cir. Aug. 28, 2025), the parties are hereby notified by way of this memorandum of the following standard conditions of supervision that are being recommended to the Court for sentencing purposes. These conditions establish the basic expectations for the defendant's behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the Court, and bring about improvements in the defendant's conduct and condition. These conditions serve the statutory sentencing purposes of deterrence, public protection, and rehabilitation. 18 U.S.C. § 3553(a)(2)(B)-(D). The final standard conditions imposed remain at the discretion of the Judicial Officer.

You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed

You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

You must answer truthfully the questions asked by your probation officer.

You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

If the court determines in consultation with your probation officer that, based on your criminal record, personal history and characteristics, and the nature and circumstances of your offense, you pose a risk of committing further crimes against another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

You must follow the instructions of the probation officer related to the conditions of supervision.

cc:   Louis Testani
      Assistant U.S. Attorney

      Andrew D. Brautigam
      Defense Attorney

      Alberto Fernandez